FILED
SUPERIOR COURT
OF GUAM

2019 AUG 29 PM 2: 57

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| In the matter of the Guardianship of<br><br>Yuk Lan Moylan | Case No. SP0106-07<br><br>**DECISION AND ORDER** |
|---|---|

## INTRODUCTION

This matter is before the Honorable Michael J. Bordallo. On July 23, 2019, the Court held a hearing on Petitioner Lina Leialoha M. Alston's ("Leialoha") Petition for General Guardianship. The Petition is opposed by Richard Moylan ("Richard"). Following the hearing, the Court ordered the attorneys to submit proposed findings by August 7, 2019. Counsel for Richard met this deadline and filed his proposed findings on August 7, 2019. On August 19, 2019, counsel for Leialoha filed her *Ex Parte* Motion to Enlarge Time for Filing of Proposed Findings of Fact and Conclusions of Law, along with two supporting declarations and her proposed findings. On August 20, 2019, Richard filed an opposition. The Court now issues this Decision and Order **GRANTING** Leialoha's Motion to Enlarge Time.

## PRINCIPLES OF LAW

The enlargement of time for filing briefings and papers after the period set in a scheduling order is governed by Rule 6(b) of the Guam Rules of Civil Procedure ("GRCP"), which provides the following:

"[T]he court for cause shown may at any time in its discretion . . . (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of *excusable* neglect[.]"

Guam R. Civ. P. 6(b) (emphasis added). Additionally, Local Rule 7.1(f) of the Superior Court of Guam requires that leave of court be requested in order for the Court to consider untimely filed documents. Super. Ct. Guam R. 7.1(f) ("[p]apers not timely filed by a party including any memoranda or other papers required to be filed . . . shall not be considered without leave of court").

In determining whether a party's failure to timely file papers was the result of excusable neglect, the United States Supreme Court — within the context of Rule 60(b) of the Federal Rules of Civil Procedure ("FRCP") — adopted the following factors for a court to consider: (1) the danger of prejudice to the opposing party; (2) the length of the delay and the potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the moving party; and (4) whether the moving party acted in good faith. *Pioneer v. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993) (defining the term "excusable neglect" under FRCP 60(b)). Although the Guam Supreme Court has not yet adopted the preceding test with respect to GRCP 6(b), it has acknowledged that the interpretation of "excusable neglect" as articulated in *Pioneer* is persuasive and applicable in other contexts. *People v. Callahan*, 2015 Guam 23 ¶¶ 32-34 (adopting the *Pioneer* test for determining excusable neglect under Rule 4(b)(4) of the Guam Rules of Appellate Procedure). Furthermore, the Ninth Circuit has held that U.S. Supreme Court's analysis in *Pioneer* applies to FRCP 6(b), from which GRCP 6(b) derives. *Comm. For Idaho's High Desert, Inc. v. Yost*, 92 F. 3d 814, 825 n.4 (9th Cir. 1996).

As the language in *Pioneer* and *Yost* are instructive and persuasive with respect to determining excusable neglect under GRCP 6(b), the Court will apply the four-factor test

articulated therein. Therefore, the factors for this Court to consider for Leialoha's Motion to Enlarge Time are as follows: (1) the danger of prejudice to the opposing party; (2) the length of the delay and the potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the moving party; and (4) whether the moving party acted in good faith.

## ANALYSIS

Leialoha's attorney, Jacqueline Terlaje ("Terlaje"), filed a declaration in which she accepts responsibility for the delayed filing of her proposed findings. Terlaje states that she neglected to follow her office's policy of submitting certain notes to her staff, and this neglect led to the deadline not being flagged prior to her departure off-island from August 5, 2019, to August 12, 2019. Upon return to the office, Terlaje discovered her error and proceeded to submit her proposed findings one week later, on August 19, 2019.

Richard argues that he would be prejudiced by the Court's consideration of Terlaje's proposed findings. As a preliminary matter, the Court notes that the Court alone is tasked with establishing the facts and interpreting the law as it applies to this case. The Court exercises discretion in allowing or denying parties to submit proposed findings, which only serve as an aid to the Court.

In establishing a deadline for both parties to submit their proposed findings, the Court did not intend for either party to review the other party's proposed findings before filing their own. Granting Leialoha's Motion to Enlarge Time allows admission of Leialoha's proposed findings which were filed two weeks after Richard's proposed findings. However, the Court has reviewed Leialoha's proposed findings and notes that there is no suggestion that her proposed findings are a direct response to anything in Richard's proposed findings. Notably, Leialoha's proposed findings fail to address certain issues which are stressed in Richard's

proposed findings, such as: (1) whether the moving papers served upon Yuk Lan were deficient due to a lack of identification of the attached documents; and (2) whether certain evidence is inadmissible hearsay. The Court finds that if Terlaje had considered Richard's proposed findings when drafting her own, then these issues surely would have been addressed in some form. The Court therefore finds that Richard is not prejudiced by the Court's acceptance of Leialoha's proposed findings.

As for the other factors set forth in *Pioneer*, the Court finds that each factor weighs in favor of granting the Motion to Enlarge Time. Terlaje's failure to meet her deadline has caused a delay of twelve-days. While this amount of time is not negligible, it will not have a substantial impact on Court proceedings. Further, Terlaje has admitted that the mistake was completely her own fault. Considering Terlaje's sworn declaration stating that the lapse was an honest mistake, and having no evidence to the contrary or reason to believe otherwise, the Court finds that the mistake was made in good faith.

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** Leialoha's Motion to Enlarge Time. The Court will therefore consider Leialoha's proposed findings.

SO ORDERED, this 29th day of August 2019.

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:
Jacqueline Terlaje,
Gary Gumataotao, Douglas Moylan
Date: 8/29/19 Time: 3:30 pm
Antonio A. Cruz
Deputy Clerk, Superior Court of Guam

HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam